IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR RENE ALVARADO, | ) | CV F 04-5215 WMW HC |
| Petitioner, | ) ) ) | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS |
| v. | ) ) | |
| C. M. HARRISON, | ) ) | [Doc. 18] |
| Respondent. | ) ) ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss. Petitioner opposes the motion.

    Respondent moves to dismiss this petition on the ground that Petitioner has failed to

exhaust his available state remedies and also on the ground that the petition is barred by the statute of limitations.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal

constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In the present case, Petitioner did not file a direct appeal from his sentence. Although he did file four post-conviction collateral challenges, none of these were filed with the California Supreme Court.

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The court can also excuse exhaustion if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims. For example, these claims could have been presented in a Petition for Writ of Habeas Corpus. See, Cal. Penal Code §§ 1473 - 1475. Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

Because Respondent has moved for dismissal and the Petition contains no exhausted claims, the Court lacks jurisdiction and is obliged to dismiss the federal petition immediately. See, Jiminez v. Rice, 276 F.3d 478 (9th Cir.2001). The court therefore finds it unnecessary to address Respondent's contention that this petition is barred by the statute of limitations. The court notes, however, that Respondent's discussion of equitable tolling fails to specifically address the arguments raised by Petitioner.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is HEREBY GRANTED;

2) This petition is dismissed without prejudice based on Petitioner's failure to exhaust

3

1 administrative remedies; and

2 3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

4 IT IS SO ORDERED.

**Dated:   August 17, 2005**                         /s/  William M. Wunderlich
mmkd34                                    UNITED STATES MAGISTRATE JUDGE